UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LOYD LATCHFORD, | ) | |
|    Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 23-3099 |
| | ) | |
| WEXFORD HEALTH SOURCES, et.al. | ) | |
|    Defendants | ) | |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff claims his constitutional rights were violated at Graham Correctional Center when Defendants delayed a needed medical procedure. Plaintiff has identified four Defendants including Wexford Health Sources, Dr. Simmons, Dr. Adesanya, and Illinois Department of Corrections (IDOC) Director Rob Jeffreys.

On November 15, 2021, Plaintiff was diagnosed with a "bowel blockage/ obstruction." (Comp, p. 4). A doctor at Hillsboro Area Hospital recommended a colonoscopy as soon as possible.

1

However, Plaintiff was transferred to Taylorville Correctional Center four days later on November 19, 2021 without receiving the procedure. Plaintiff says Defendants should have ordered a medical hold until the test was performed.

Once at Taylorville, Plaintiff saw medical staff on multiple occasions due to severe pain due to a "polyp blocking my intestines making it hard to go to the bathroom." (Comp., p. 4). Plaintiff was given treatment for his constipation, but he was not taken to an outside specialist until January 10, 2022. This doctor also ordered a colonoscopy which was finally performed on March 8, 2022. The polyp was discovered and removed during this visit.

Plaintiff says Graham Correctional Center Medical Defendants Dr. Simmons and Dr. Tim failed to approve a medical hold or take any action to ensure Plaintiff received the colonoscopy and/or surgery to remove the polyp prior to his transfer. Therefore, Plaintiff was left to suffer in pain for four additional months.

However, Plaintiff has not alleged any facts which would suggest Defendants Simmons and Tim were responsible for the medical care provided at Taylorville Correctional Center. The only potential delay attributed to the two Defendant Doctors was the four days between the recommendation for a colonoscopy on November 15, 2021 and the transfer on November 19, 2021. While Plaintiff claims he was to receive the procedure as soon as possible, there is no indicate it was an emergency. In addition, there are no alleged facts suggesting Wexford had reviewed and approved the outside doctor's recommendation prior to Plaintiff's transfer.

Plaintiff does not allege his medical records were unavailable to Taylorville medical staff, nor that Taylorville doctors were unaware of the colonoscopy recommendation based on medical records or conversations with Plaintiff. Finally, the Court notes it does not appear that Plaintiff has any other pending litigation against Taylorville medical staff based on the delay in care.

Plaintiff has not adequately alleged either Defendant Dr. Simmons or Dr. Adesanya were deliberately indifferent to Plaintiff's medical condition based on a four day delay in providing a colonoscopy or failing to approve a medical hold, and Graham Correctional Center Doctors are not responsible for delays in medical care at Taylorville Correctional Center.

In addition, while Plaintiff has listed Wexford and the IDOC Director in his complaint, he has failed to allege a claim against either. *See Kuhn v. Milwaukee County*, 59 F. App'x 148, 150 (7th Cir. 2003) (merely naming defendants in the caption of a complaint does not state a claim against them); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (district court properly dismissed *pro se* complaint where it alleged no specific conduct by the defendant and only included the defendant's name in the caption).

Since Plaintiff is proceeding pro se, the Court will allow him one opportunity to file an amended complaint clarifying his claims. The amended complaint must stand complete on it its own, include all claims and Defendants, and must not refer to Plaintiff's initial complaint.

IT IS THEREFORE ORDERED:

1) Plaintiff's complaint is dismissed for failure to state a claim upon which relief can be granted.

2) Plaintiff must file an amended complaint clarifying his claims on or before May 10, 2023.  If Plaintiff fails to file his amended complaint by the deadline, his case will be dismissed without prejudice.

3) Plaintiff's motion for appointment of counsel is denied with leave to renew after the Plaintiff clarifies his claims [5].

4) The Clerk is to provide Plaintiff with a blank complaint form for his assistance and reset the internal merit review deadline within 30 days of this order.

Entered this 18th day of April, 2023.

                              s/James E. Shadid
                            _____
                                JAMES E. SHADID
                           UNITED STATES DISTRICT JUDGE