UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| LLOYD LATCHFORD, ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 23-cv-3099 |
| ) | |
| WEXFORD HEALTH SOURCES, *et al.*, ) | |
| ) | |
|     **Defendants.** ) | |

### MERIT REVIEW ORDER – AMENDED COMPLAINT

Plaintiff, proceeding *pro se*, filed an amended complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights at Graham Correctional Center ("Graham") and Taylorville Correctional Center ("Taylorville"). (Doc. 9). The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process, identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff identifies six Defendants, including Wexford Health Sources ("Wexford"), Graham's Healthcare Unit ("HCU") Administrator Dr. Simmons, Taylorville's physician Dr. George Duncan, Taylorville's HCU Administrator K. Hockney, Grievance Counselor B. Suey,

1

and Warden Melinda Eddy. Plaintiff does not name Dr. Adesanya and Rob Jeffreys as Defendants in his amended complaint. Therefore, Defendants Adesanya and Jeffreys are dismissed.

The Court notes that Plaintiff attached eighty pages of exhibits to his amended complaint, which were not reviewed for purposes of this Order. *See Fitzgerald v. Dep't of Corr.*, No. 07-61, 2007 WL 951861, at *1 (W.D. Wis. Mar. 26, 2007).

Plaintiff alleges that while incarcerated at Graham, he was diagnosed with a "bowel blockage/obstruction" on November 15, 2021. (Doc. 9 at p. 2). A colonoscopy was recommended as soon as possible. However, Plaintiff was transferred to Taylorville four days later on November 19, 2021, before receiving the procedure.

At Taylorville, Plaintiff saw medical staff on multiple occasions and was given treatment for his constipation, which Plaintiff claims was ineffective.

Plaintiff alleges the HCU at Taylorville violated his Eighth Amendment rights by failing to document "each and every visit to the HCU for constipation." *Id.* at p. 7. Plaintiff alleges that if each visit had been documented properly, the doctor would have known he needed outside medical treatment sooner. Plaintiff does not identify the HCU staff members who were allegedly responsible for failing to document each visit.

During an examination with Defendant Duncan on an unspecified date at Taylorville, Plaintiff informed him of the bowel blockage and the recommendation for a colonoscopy. Defendant Duncan allegedly responded, "I do not care what they said. I will find out what is wrong for myself." *Id.* at p. 3. Defendant Duncan's comment does not rise to the level of a constitutional violation. Plaintiff does not indicate what date Defendant Duncan examined him, provide any information about the treatment he provided (or failed to provide), or indicate whether he knew the treatment Plaintiff had been given for constipation was ineffective. Based on the threadbare

allegations against Defendant Duncan, Plaintiff has not adequately pled an Eighth Amendment deliberate indifference claim. Defendant Duncan is dismissed for failure to state a claim.

On January 10, 2022, Plaintiff was taken to an outside specialist who recommended a colonoscopy. A colonoscopy was finally performed on March 8, 2022. When the outside specialist inserted the endoscope into Plaintiff's rectum, "fecal matter exploded out of [his] rectum." *Id.* at p. 3. Plaintiff claims the pressure from the buildup of fecal matter had caused him to experience excruciating pain for months.

Plaintiff alleges he was forced to wait until March 8, 2022, for a colonoscopy because it took six weeks for his medical records to be transferred from Graham to Taylorville. Plaintiff claims that Defendant Simmons, Graham's HCU Administrator, is responsible for the six-week delay. Plaintiff has not alleged any facts which would suggest that Defendant Simmons was responsible for the medical care Plaintiff received at Taylorville. The only potential delay attributable to Defendant Simmons was the four days between the recommendation for a colonoscopy on November 15, 2021, and Plaintiff's transfer on November 19, 2021. While Plaintiff claims he was to receive the procedure "ASAP," there is no indication it was an emergency. *Id.* at p. 2. In addition, there are no allegations suggesting that Wexford had reviewed and approved the outside doctor's recommendations prior to Plaintiff's transfer. Defendant Simmons is dismissed for failure to state a claim.

Next, Plaintiff alleges Defendant Eddy, the Warden at Taylorville, deemed four of his grievances were emergencies, but Defendant Suey, the Grievance Counselor, did not respond to any of his grievances until February 22, 2022. Based on the 47-day delay in processing his emergency grievances, Plaintiff claims that Defendant Suey was deliberately indifferent to his serious medical needs.

Plaintiff also alleges that Defendant Eddy, who had personal knowledge of his serious medical needs through multiple emergency grievances, was deliberately indifferent by not sending him to an outside hospital for treatment. *Id.* at p. 10.

"[I]f a prisoner is under the care of medical experts, a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011) (citing *Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005)); *see also Johnson v. Doughty*, 433 F.3d 1001, 1011 (7th Cir. 2006). "However, nonmedical officials can be chargeable with … deliberate indifference where they have a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner." *Arnett*, 658 F.3d at 755 (internal quotations and citations omitted). "Non-medical defendants cannot simply ignore an inmate's plight." *Id.* (citing *Greeno*, 414 F.3d at 656). "The plaintiff must demonstrate that the communication, in its content and manner of transmission, gave the prison official sufficient notice to alert him or her to an excessive risk of inmate health or safety." *Arnett*, 658 F.3d at 755 (internal quotations and citations omitted). Plaintiff does not provide any information about content of his grievances or clearly identify the dates he submitted them. Therefore, it is unclear if his grievances plausibly provided the non-medical officials with sufficient notice of an excessive risk to his health. Defendants Suey and Eddy are dismissed for failure to state a claim.

Plaintiff names Taylorville's HCU Administrator K. Hockney as Defendant, but he fails to include any allegations against Defendant Hockney in the body of his amended complaint. Defendant Hockney is dismissed. *See Kuhn v. Milwaukee Cnty.*, 59 F. App'x 148, 150 (7th Cir. 2003) (merely naming defendants in the caption of a complaint does not state a claim against them); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (district court properly dismissed *pro*

*se* complaint where it alleged no specific conduct by the defendant and only included the defendant's name in the caption).

Plaintiff names Wexford as a Defendant, but he does not allege that Wexford's policy, practice, or custom caused a constitutional injury. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978); *McCauley v. City of Chicago*, 671 F.3d 611, 618 (7th Cir. 2011) (to adequately plead *Monell* liability, allegations "must allow [the court] to draw the reasonable inference that the [defendant] established a policy or practice" which caused the injury). Wexford is dismissed for failure to state a claim.

Since Plaintiff is proceeding *pro se*, the Court will allow him a final opportunity to file a second amended complaint clarifying his claims. The second amended complaint must stand complete on its own, include all claims and Defendants, and must not refer to Plaintiff's prior complaints.

**IT IS THEREFORE ORDERED:**

**1)** **Plaintiff's amended complaint is dismissed without prejudice for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A.**

**2)** **Plaintiff shall have a final opportunity to file a second amended complaint within 30 days from the entry of this Order. Plaintiff's second amended complaint will replace Plaintiff's amended complaint in its entirety. The second amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted. Failure to file a timely second amended complaint will result in the dismissal of this case without prejudice.**

**3)** **The Clerk is directed to provide Plaintiff with a blank Section 1983 complaint form to assist Plaintiff.**

**4)** **Plaintiff's Motions for Status [11], [12] are MOOT.**

ENTERED: 10/17/23

s/ James E. Shadid  
James E. Shadid  
United States District Judge