## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| LLOYD LATCHFORD, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
|    vs. ) | Case No. 23-cv-3099 |
| ) | |
| WEXFORD HEALTH SOURCES, *et al.*, ) | |
| ) | |
|    Defendants. ) | |

### MERIT REVIEW ORDER – SECOND AMENDED COMPLAINT

Plaintiff, proceeding *pro se*, filed a Second Amended Complaint under 42 U.S.C. § 1983 alleging Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment at Graham Correctional Center ("Graham") and Taylorville Correctional Center ("Taylorville"). (Doc. 15).

The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's Second Amended Complaint, and through such process, identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* The Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### ALLEGATIONS

Plaintiff identifies six Defendants, including Wexford Health Sources ("Wexford"), Graham's Healthcare Unit ("HCU") Administrator Dr. Simmons, Taylorville's HCU

1

Administrator K. Hackney, Taylorville's physician Dr. George Duncan, Correctional Counselor B. Suey, and Warden Melinda Eddy.

Plaintiff does not name Dr. Timothy Adesanya and Rob Jeffreys as Defendants in his Second Amended Complaint. Therefore, Defendants Adesanya and Jeffreys are dismissed without prejudice.

While incarcerated at Graham, Plaintiff was diagnosed with a "bowel blockage/obstruction" and received a "soap suds enema" on November 15, 2021. (Doc. 15 at p. 2). A colonoscopy was recommended as soon as possible.

Plaintiff was transferred to Taylorville on November 19, 2021.

On November 28, 2021, Plaintiff was treated for constipation and given Milk of Magnesia. On December 5, 2021, Plaintiff was given a "bomb (stool softener and fiber)." *Id.* On December 10, 2021, Plaintiff was prescribed a "battery of medication" for constipation. *Id.* Plaintiff alleges these treatments were ineffective.

On December 10, 2021, Plaintiff saw Defendant Dr. George Duncan and "told him about having a bowl blockage removed and the recommendation for a colonoscopy ASAP." *Id.* Defendant Duncan allegedly responded: "I do not care what they said. I will find out what is wrong for myself." *Id.*

Plaintiff states his medical records were not available for Defendant Duncan to review on December 10, 2021. If the records had been available, Plaintiff states Defendant Duncan would have been able to send him out for further medical care immediately. Plaintiff claims Defendant Simmons, the HCU Administrator at Graham, is responsible for the delay in transferring his medical records to Taylorville. Plaintiff alleges Defendant Wexford was deliberately indifferent based on the lack of a policy to transfer medical records with an inmate.

2

Plaintiff was seen by HCU staff and given Milk of Magnesia on December 14, 2021, December 27, 2021, and January 3, 2022, which Plaintiff claims did not help.

Plaintiff alleges he submitted multiple emergency grievances regarding a bowel blockage. As a result, Plaintiff alleges Defendant Counselor Suey and Defendant Warden Eddy were aware on January 4, 2022, that he had not had a bowel movement for about a month and the medical treatment he received was ineffective. Plaintiff claims that Defendant Suey was deliberately indifferent for failing to answer an emergency grievance for forty-nine days.

On January 10, 2022, Plaintiff was sent to the Springfield Clinic for an appointment with Dr. Rahal Nayani, who noted "narrowing in colon and no BM for 9 weeks" and recommended a colonoscopy. *Id.* at p. 4. Plaintiff states he went to the HCU many times between January 10, 2022, and March 8, 2022.

Plaintiff underwent a colonoscopy on March 8, 2022. Plaintiff alleges the pressure on his colon was so severe that fecal matter exploded all over the room when Dr. Nayani inserted the endoscope into Plaintiff's rectum.

Plaintiff alleges that forcing him to wait until March 8, 2022, for a colonoscopy constituted deliberate indifference. Plaintiff claims that Defendant HCU Administrator K. Hackney and Defendant Duncan should have reviewed the records from Dr. Nayani and known that not having a bowel movement for nine weeks could be catastrophic.

## ANALYSIS

It is well established that deliberate indifference to a serious medical need is actionable as a violation of the Eighth Amendment. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). A claim of deliberate indifference contains both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, a prisoner must

demonstrate that his medical condition is "objectively, sufficiently serious." *Id*. An objectively serious medical condition is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Hayes*, 546 F.3d at 522. To satisfy the subjective component, the inmate must demonstrate that the prison official acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. The official must know of and disregard an excessive risk to the inmate's health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. The prisoner must show that the defendant engaged in more than negligence and that the defendant's conduct approached intentional wrongdoing or criminal recklessness. *Holloway v. Delaware Cnty. Sheriff*, 700 F.3d 1063, 1073 (7th Cir. 2012) (citing *Farmer*, 511 U.S. at 837).

## **Defendant Duncan**

Plaintiff alleges Defendant Duncan did not provide effective treatment for his bowel blockage and disregarded the recommendation for a colonoscopy ASAP during the examination on December 10, 2021. Plaintiff also alleges that Dr. Nayani recommended a colonoscopy on January 10, 2022, but Plaintiff waited until March 8, 2022, for a colonoscopy. Based on Plaintiff's allegations, the Court finds that he has alleged a plausible Eighth Amendment deliberate indifference claim against Defendant Duncan. *See Arnett v. Webster*, 658 F.3d 742, 752 (7th Cir. 2011) (medical personnel could not stand idly by for more than ten months while patient's rheumatoid arthritis worsened); *Jones v. Simek*, 193 F.3d 485, 490 (7th Cir. 1999) (viable claim where doctor delayed scheduling appointment with specialist and then failed to follow specialist's advice, while inmate's condition worsened).

4

**Defendant Simmons**

Plaintiff alleges he was forced to wait until March 8, 2022, for a colonoscopy. He attributes the delay, in part, to Defendant Simmons, the HCU Administrator at Graham. He claims that "Defendant Dr. Simmons was the Graham Health Care Administrator. It falls on her shoulders to make sure all policies are followed by her staff. The medical records not being available for Dr. Duncan to review on 12-10-21 is on her." (Doc. 15 at p. 3). Plaintiff has not alleged any facts which would suggest that Defendant Simmons was responsible for the medical care he received at Taylorville, nor does he allege that Defendant Simmons treated him at Graham. The only potential delay attributable to Defendant Simmons was the four days between the recommendation for a colonoscopy on November 15, 2021, and Plaintiff's transfer on November 19, 2021. The Court finds that Plaintiff's allegations are insufficient to establish an Eighth Amendment deliberate indifference claims against Defendant Simmons. Therefore, Defendant Simmons is dismissed without prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A.

**Defendant Eddy**

Plaintiff alleges Defendant Eddy, the Warden at Taylorville, had personal knowledge of his serious medical needs through multiple emergency grievances and failed to take action. "[I]f a prisoner is under the care of medical experts, a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Arnett*, 658 F.3d at 755 (citing *Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005)); *see also Johnson v. Doughty*, 433 F.3d 1001, 1011 (7th Cir. 2006). "However, nonmedical officials can be chargeable with … deliberate indifference where they have a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner." *Arnett*, 658 F.3d at 755 (internal quotations and

citations omitted). A warden cannot be held liable based solely on involvement in the grievance process. *See Thomas v. Knight*, 196 F. App'x 424, 429 (7th Cir. 2006) (explaining that a warden does not incur § 1983 liability just by participating in the grievance process). "If there is 'no personal involvement by the warden outside the grievance process,' that is insufficient to state a claim against the warden." *Neely v. Randle*, No. 12 C 2231, 2013 WL 3321451, at *3 (N.D. Ill. June 13, 2013) (quoting *Gevas v. Mitchell*, 492 F. App'x 654, 660 (7th Cir. 2012)). Here, Plaintiff alleges no further involvement by Defendant Eddy outside of the grievance process. Defendant Eddy is dismissed without prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A.

**Defendant Suey**

Plaintiff claims that Defendant Suey's failure to expedite a grievance deemed an emergency by Defendant Eddy constituted deliberate indifference to his serious medical needs. While Plaintiff is critical of the handling of his various grievances, this is not enough to plead personal liability under § 1983. *See Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). "[T]he alleged mishandling of [Plaintiff's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Id.* Furthermore, "[s]imply receiving correspondence from a prisoner" does not make a prison official liable for the alleged infraction. *Norington v. Daniels*, 2011 WL 5101943, at *2–3 (N.D. Ind. Oct. 25, 2011). Defendant Suey is dismissed without prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A.

**Defendant Hackney**

Plaintiff's sole allegation against Defendant Hackney, the HCU Administrator at Taylorville, is that she should have reviewed the records from Dr. Nayani and known that "NO

6

BM for 9 weeks could be catastrophic." (Doc. 15 at p. 4). Plaintiff also claims it is Defendant Hackney's "job to make sure things are scheduled." *Id.* Plaintiff does not indicate what appointment Defendant Hackney allegedly failed to schedule. The Court finds that the sparse allegations against Defendant Hackney are insufficient to state an Eighth Amendment deliberate indifference claim. Defendant Hackney is dismissed without prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A.

**<u>Defendant Wexford</u>**

Plaintiff does not allege that Wexford's policy, practice, or custom caused a constitutional injury. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978); *McCauley v. City of Chicago*, 671 F.3d 611, 618 (7th Cir. 2011) (to adequately plead *Monell* liability, allegations "must allow [the court] to draw the reasonable inference that the [defendant] established a policy or practice" which caused the injury). Rather, he alleges that the lack of a policy regarding the timely transfer of medical records caused a delay in his medical treatment when he was transferred from Graham to Taylorville. "But alleging a *Monell* claim based on the *absence* of a policy brings its own challenges. When a plaintiff relies on a gap in policies to support his claims, 'he must provide enough evidence...to permit an inference that the [entity] has *chosen* an impermissible way of operating.'" *Petropoulos v. City of Chicago*, 448 F. Supp. 3d 835, 840 (N.D. Ill. 2020) (quoting *Calhoun v. Ramsey*, 408 F.3d 375, 381 (7th Cir. 2005) (emphasis in original). "A plaintiff must allege more than a chance slip-up by an individual employee. *Petropoulos*, 448 F. Supp. 3d at 840 (citing *Carmona v. City of Chicago*, 2018 WL 306664, at *2 (N.D. Ill. 2018)).

Here, Plaintiff's allegations are based solely on his own experience. It is difficult to sufficiently allege a *Monell* claim by pointing to only one example, particularly when that example

7

is the plaintiff's own experience. *See Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 303 (7 Cir. 2010). "Courts in this District regularly dismiss *Monell* claims where the plaintiff has failed to allege instances other than that from which he suffered." *Carmona v. City of Chicago*, 2018 WL 306664, at *2 (N.D. Ill. 2018); *see also Arita v. Wexford Health Sources, Inc*., 2016 WL 6432578, at *2 (N.D. Ill. 2016) (rejecting *Monell* claim because plaintiff's own experiences were the only allegations of misconduct); *Taylor v. Wexford Health Sources, Inc*., 2016 WL 3227310, at *4 (N.D. Ill. 2016) (same); *Winchester v. Marketti*, 2012 WL 2076375, at *4 (N.D. Ill. 2012) ("What is fatal to the *Monell* claims, however, is that Plaintiff makes no attempt to plead a pattern of similar constitutional violations with any degree of factual specificity."); *Jones v. Feinerman*, 2011 WL 4501405, at *6 (N.D. Ill. 2011) (dismissing a *Monell* claim because plaintiff alleged deliberate indifference that was limited "only to him"). The Court finds that Plaintiff fails to plead a deliberate indifference claim against Defendant Wexford. Therefore, Defendant Wexford is dismissed without prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A.

**IT IS THEREFORE ORDERED:**

     1)     According to the Court's Merit Review of Plaintiff's Second Amended Complaint under 28 U.S.C. § 1915A, this case shall proceed on the Eighth Amendment deliberate indifference claim against Defendant Duncan. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

     2)     Defendants Wexford, Simmons, Adesanya, Jeffreys, Hackney, Eddy, and Suey are DISMISSED, without prejudice, for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and § 1915A.

3)      The Clerk is directed to ADD Dr. George Duncan as a Defendant.

4)      The Clerk is directed to TERMINATE Wexford, Simmons, Adesanya, and Jeffreys as Defendants.

5)      This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendant before filing any motions to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

6)      The Court will attempt service on Defendant by mailing a waiver of service. If Defendant fails to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendant and will require Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

7)      Defendant shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's position. The Court does not rule on the merits of those positions unless and until Defendant files a motion. Therefore, no response to the answer is necessary or will be considered. If Defendant has not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

8)      If Defendant no longer works at the address Plaintiff provided, the entity for whom Defendant worked while at that address shall submit to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of Defendant's forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

9)      This District uses electronic filing, which means that after Defendant's counsel has filed an appearance, Defendant's counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendant's counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

10)      Counsel for Defendant is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendant shall arrange the time for the deposition.

11)      Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

12)      Plaintiff shall be provided a copy of all pertinent medical records upon request.

13)      Within 10 days of receiving from defense counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to defense counsel. The

Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

14)     The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

ENTERED: 3/8/2024

s/ James E. Shadid
James E. Shadid
United States District Judge